IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| John Babb | C/A No. 8:21-cv-250-JFA-JDA |
| Plaintiff, | |
| vs. | **ORDER** |
| Spartanburg County Detention Center, Chuck Wright, J. Cox, M. Pieklo, John Doe, Jane Doe, | |
| Defendants. | |

**I.     INTRODUCTION**

The *pro se* plaintiff, John Babb, proceeding in forma pauperis, brings this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action in forma pauperis under 28 U.S.C. § 1915; § 1915A. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for initial review.

After reviewing the complaint and issuing a proper form order, the Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report"). (ECF No. 12). Within the Report, the Magistrate Judge opines that this court should dismiss the complaint without issuance and service of process pursuant to 28 U.S.C. § 1915(e)(2)(B).[2] The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).

[2] To protect against possible abuses, this statute allows a district court to dismiss certain cases upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious.

Plaintiff was advised of his right to object to the Report, which was entered on the docket on March 16, 2021. *Id.* Plaintiff filed objections to the Report on March 26, 2021. (ECF No. 15). Thus, this matter is ripe for review.

## II.     LEGAL STANDARD

The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). However, a district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report of the Magistrate, this court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues— factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must

"direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). The court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (emphasis added) (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47).

Because Plaintiff is proceeding *pro se*, the court is charged with liberally construing the pleadings to allow Plaintiff to fully develop potentially meritorious cases. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

### III.    DISCUSSION

As stated above, the relevant facts and standards of law on this matter have been incorporated from the Report. Within the Report, the Magistrate Judge recommends Plaintiff's claims be dismissed for a number of reasons, including failing to include specific allegations against the defendants and failing to allege facts which would support a claim pursuant to § 1983. In response, Plaintiff has submitted four objections.

In his first objection, Plaintiff states: "overcrowding- absolutely know about substantial rick of physical injury, fire hazard, emotional and psychological distress." (ECF No. 15, p. 1). This objection fails to point to any specific error in the Report and instead appears to be a mere

disagreement with the Magistrate Judge's conclusion that "Plaintiff has only made conclusory allegations regarding overcrowding and has failed to allege facts showing that any conditions of overcrowding have created an unreasonable risk of harm to his health." (ECF No. 12, p. 11). Plaintiff's objection here again fails to allege specific facts or point to any error in the Report and therefore must be overruled.

Plaintiff's second objection again refers to overcrowding by alleging that four men have been placed in a 7x11 cell. Despite these allegations, Plaintiff has failed to challenge the Magistrate Judge's conclusion that:

> a plaintiff must demonstrate that the overcrowding combined with other substandard conditions of confinement "have a mutually enforcing effect that produce[d] the deprivation of a single, identifiable human need such as food, warmth, or exercise," or that the overcrowding created an unreasonable risk of serious damage to his health, and that the defendants deliberately disregarded that risk. *Williams v. Griffin*, 952 F.2d 820, 824 (4th Cir.1991); *Helling v. McKinney*, 509 U.S. 25, 35–36 (1993).
> (ECF No. 12, p. 10-11).

Here again, Plaintiff has failed to set forth facts showing that these conditions created an unreasonable risk of serious damage to his health. Accordingly, this objection must be overruled.

Plaintiff's third objection simply states that "pretrial detainees have the right to be treated as well as convicted inmates." (ECF No. 15). The Magistrate Judge acknowledged as much by stating that the due process rights of a pretrial detainee are at least as great as the eight amendment protections available to the convicted prisoner. (ECF No. 12, p. 10). Thus, this objection is without merit.

Lastly, Plaintiff states that he has no access to legal books or materials to help him in challenging his conditions of confinement. This is the same argument previously presented to and rejected by the Magistrate Judge. The Report specifically sated that the "Fourth Circuit has unambiguously held that local jails, designed for temporary detainment, are generally not required

to have a law library." (ECF No. 12, p. 7). Here again, Plaintiff's objection is without merit and must be overruled.

## IV.  CONCLUSION

After carefully reviewing the applicable laws, the record in this case, the Report and Recommendation, and the objections thereto, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, the Court adopts the Report (ECF No. 12). Thus, Plaintiff's claims are summarily dismissed without prejudice and without issuance and service of process.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

April 5, 2021                                                Joseph F. Anderson, Jr.
Columbia, South Carolina                       United States District Judge